-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

STEFANIE A. DAVIS,

        Plaintiff,

        -v-

ROBERT BECKWITH, c/o P.E.F. UNION, et al.,

        Defendants.

**DECISION AND ORDER**

14-CV-6360W

___

## INTRODUCTION

Plaintiff was directed by the Court to pay the full filing fee of $400.00 or return a properly completed *in forma pauperis* application. (Dkt. 3). Plaintiff has paid the filing fee and the Court now reviews the complaint to determine if the case may go forward. *See* Fed. R. Civ. P. 12(h)(3) (lack of subject matter jurisdiction).

Plaintiff filed this civil action seeking relief for an employment-related matter. The complaint is difficult to fully understand; however, it appears that Plaintiff is attempting to appeal a June 13, 2013 decision of the State of New York Industrial Board of Appeals, and to bring an employment discrimination action seeking relief under Title VII of the Civil Rights Act of 1964.

For the reasons that follow, Plaintiff's claim appealing the decision of the State of New York Industrial Board of Appeals is dismissed with prejudice. Plaintiff will be afforded an opportunity to provide additional information to the Court in support of the Title VII claim.

## DISCUSSION

### I. State of New York Industrial Board of Appeals

Plaintiff appears to be attempting to appeal a decision that was issued on June 13, 2013, by the State of New York Industrial Board of Appeals ("Board"). Plaintiff references the decision of the Board as the nature of her lawsuit and states that she is the "aggrieved party" and needs to be "made whole." (Dkt. 1 at 1).

Plaintiff may not appeal the decision of the Board in this Court. Plaintiff's remedy for appealing the Board's decision was stated in the cover letter Plaintiff received with the Board's June 13, 2013 decision. (*See* Dkt. 1-2 at 39-51). As the Board's letter states, to appeal the June 13, 2013 decision, Plaintiff needed to file an Article 78 proceeding under the New York Civil Practice Law and Rules in State Court within 60 days of the date of the decision. (*Id.* at 39).

This Court, which is a Federal Court, does not have jurisdiction to hear Plaintiff's appeal of the Board's decision. Therefore, this claim is dismissed with prejudice.

### II. Title VII Claim

Plaintiff has another case pending in this Court, *Davis v. N.Y.S. Dep't of Corrs.*, Case No. 10-CV-6641W. Case No. 10-CV-6641W addresses an EEOC determination regarding the same employer as in this case, the New York State Department of Corrections and Community Supervision ("DOCCS"). The alleged discrimination described in 10-CV-6641W occurred while Plaintiff was employed at Attica Correctional Facility, while the alleged discrimination in 14-CV-6360, the instant case, occurred while Plaintiff was employed at Orleans Correctional Facility. In the instant case, 14-CV-6360W, Plaintiff

references some of the events noted in 10-CV-6641W, and includes as exhibits, documents from 10-CV-6641W, including the EEOC right to sue letter dated August 12, 2010, which is the basis for her claim in 10-CV-6641W.

In the instant action, 14-CV-6360W, Plaintiff does not indicate that she filed additional charges with the EEOC and also does not provide an additional right to sue letter that may support the filing a new Title VII complaint in this Court.

Individuals may bring Title VII claims in federal court only after filing a timely charge of employment discrimination with the EEOC and receiving an EEOC right to sue letter. 42 U.S.C. §§ 2000e-5(e) and (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Administrative exhaustion is an essential element of Title VII's statutory scheme, the purpose of which is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action. . . ." *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985). The Second Circuit has held that exhaustion "is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (citation omitted). Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" *O'Neal v. State Univ. of N.Y.*, Civ. Action No. CV-01-7802 (DGT), 2003 WL 1524664, at *4 (E.D.N.Y. 2003) (quoting *Francis*, 235 F.3d at 767). Nonetheless, exhaustion of administrative remedies through the EEOC stands as "an essential element

3

of Title VII's statutory scheme." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993).

Although Plaintiff has a pending case in which she did file an EEOC complaint (*see* 10-CV-6641W, Dkt. 1 at 15-16), that case involves a different correctional facility and different defendants. Plaintiff may not rely on her previously-filed EEOC complaint in support of the instant action because the events described in the instant complaint are not reasonably related to the actions described in 10-CV-6641W, such that the conduct complained of in 10-CV-6641W gave the EEOC notice to investigate the discrimination alleged in the instant complaint. *See McCullough v. Xerox Corp.*, 942 F. Supp. 2d 380, 383-84 (W.D.N.Y. 2013) (discussing exception to Title VII exhaustion requirement).

Because the EEOC right to sue letter is a precondition to bringing a Title VII claim in federal court, Plaintiff may have until **January 15, 2015,** to file with the Court a copy of a right to sue letter from the EEOC, other than the August 12, 2010 right to sue letter that was the basis for filing case number 10-CV-6641W, or to otherwise respond to this Order.

Plaintiff is forewarned that failure to respond to this Order will result in the dismissal of the Title VII claim with prejudice.

### ORDER

IT HEREBY IS ORDERED, that Plaintiff's claim appealing the decision of the State of New York Industrial Board of Appeals is dismissed with prejudice;

FURTHER, that Plaintiff has until **January 15, 2015,** to file with the Court a copy of a right to sue letter from the EEOC, other than the August 12, 2010 right to sue letter that

was the basis for filing case number 10-CV-6641W, or to otherwise respond to this Order; and

FURTHER, that if Plaintiff fails to respond to this Order by **January 15, 2015**, the Clerk of the Court is directed to close this case as dismissed with prejudice without further order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   December 10, 2014
         Rochester, New York