UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

STEFANIE A. DAVIS,

        Plaintiff,

   -v-

ROBERT BECKWITH, C/O P.E.F. UNION, et al.,

        Defendants.

14-CV-6360W
ORDER

    Plaintiff has filed a response to the Court's Order requesting additional information in support of her Title VII claim (Docket No. 5). The Court now reviews plaintiff's response.

    The Court advised plaintiff that the EEOC right to sue letter is a precondition to bringing a Title VII claim in federal court. Plaintiff was directed to file with the Court a copy of the right to sue letter from the EEOC in support of her claim. Plaintiff was advised that the August 12, 2010 right to sue letter that was the basis for filing case number 10-CV-6641W was not sufficient for her to proceed with the instant complaint.

    Plaintiff's response to the Court's Order again includes a copy of the August 12, 2010 right to sue letter filed in 10-CV-6641W. Plaintiff also includes a letter she received from the EEOC, dated July 15, 2010, advising her that she may file an additional charge of employment discrimination relevant to the instant action which "may protect your right to file an employment discrimination lawsuit in court." The letter also advises plaintiff that allegations of discrimination that occurred more than 300 days prior to the date a charge is filed are untimely and will not be investigated.

Plaintiff's response to the Court states that she read the EEOC letter noting the 300 day time limitation, however, to this date has not filed an additional charge of discrimination with the EEOC. Plaintiff filed the instant Title VII complaint in this Court on June 30, 2014, nearly four years after the EEOC sent her the letter noting the 300 day time limitation for filing a charge of discrimination.

As this Court previously advised the plaintiff, she may bring a Title VII action in federal court only after filing a timely charge of employment discrimination with the EEOC and receiving an EEOC right to sue letter. 42 U.S.C. §§ 2000e-5(e) and (f); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Plaintiff was further advised that she could not rely on the charge of discrimination and the right to sue letter filed in 10-CV-6641W to support the instant complaint because the events described in the instant complaint are not reasonably related to the actions described in 10-CV-6641W. *See McCullough v. Xerox Corp.*, 942 F.Supp.2d 380, 383-384 (W.D.N.Y. 2013) (discussing exception to Title VII exhaustion requirement).

Plaintiff's failure to file a timely charge of discrimination with the EEOC and a right to sue letter related to the instant case prevents her from proceeding with the Title VII claim in this Court.

Accordingly, the complaint is dismissed with prejudice.

SO ORDERED.

DATED: 6/3, 2015
Buffalo, New York

JOHN T. CURTIN
United States District Judge

2